IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRCIT OF FLORIDA

**MARK GERGES,**

        **Plaintiff,**

-vs-                                                Case No.
                                                              HON.

**INTEGRITY FINANCIAL PARTNERS, INC.**

        **Defendants.**
_____/
LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30600 Telegraph Rd., Suite 1350
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
brianparker@collectionstopper.com
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff **MARK GERGES** , (Plaintiff), by and through counsel, brings this action against the above listed Defendant **INTEGRITY FINANCIAL PARTNERS, INC,** , (Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action for damages based upon the Defendants' violations of the Fair Credit Reporting Act (herein after referred to as FCRA, 15 U.S.C. 1681 *et. seq* and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq*. Plaintiff seeks statutory damages, actual damages, costs and attorney's fees.

### II. PARTIES

1.

The plaintiff is a natural person and consumer and a resident of Broward County, State of Florida as defined by 15 U.S.C. 1692a.

2.

The Defendant, **INTEGRITY FINANCIAL PARTNERS, INC.** a foreign corporation, is a debt collector under 15 U.S.C. 1692a(6) and is located within the State of Kansas with the collections taking place in Plaintiff's home location in Broward County, Florida and placing a debt collection calls to Plaintiff's home. Defendant's resident agent is in Tallahassee, State of Florida.

### III. JURISDICTION AND VENUE

3.

This court has subject matter jurisdiction over this Complaint pursuant to the FDCPA 15 U.S.C. 1692 *et seq.*, 28 U.S.C. 1331 and 28 U.S.C. 1367.

### IV. STATUTORY STRUCTURE

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

4.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. 1692.

5.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

6.

Under the FDCPA, debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

7.

Under the FDCPA, debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

8.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

9.

A debt collector may not violate the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys 'fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

## FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

10.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and

duties of certain state agencies; and to provide penalties and civil fines.

11.

A Debt Collector means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

12.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

13.

"Communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium, Sections 559.55 (5).

14.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

15.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

((7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

16.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

17.

Defendant is continuing to collect a debt by calling Plaintiff numerous times even after Plaintiff has asked Defendant to stop until Defendant to send something in writing to him. **Please see attached Exhibit No. 1.**

18.

Defendant's representative, DeShell Simpson who works for Defendant's Legal Evaluation Team threatened to take the debt another level if Plaintiff did not pay the debt but eventually agreed to send Plaintiff to send something in writing to him to show he owed a debt and what creditor Defendant was collecting for. **Please see attached Exhibit No. 1.**

19.

In response to Plaintiff's request for something in writing proving he owes the debt and to whom he owes the debt, Defendant representative and Branch Manager of the Defendant's Missouri office, Brad Childs sent Plaintiff an email with just a demand for payment and with none of the FDCPA requirements under FDCPA, 15 U.S.C. 1692g. **Please see Exhibit 2.** Plaintiff's email to Defendant stated:

"Per your request , here are your options.

1.      Pay the balance of 4,110.17

2.      Settle the account one time for $2466.00

3.      Enter into reduced interest payment program at $200 a month. Takes interest from 18% to 00.1

Talk to you tomorrow.

Brad."**Please see Exhibit 2**.

20.

Under the FDCPA, the first writing to a debtor/consumer must include:

### (a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. 1692g.

21.

Defendant's representative has left voicemail messages with Plaintiff without the required debt collector notification under 15 U.S.C. 1692e(11) in violation of the Foti Rule. **Please see Exhibit 1**.

22.

In the last voicemail with Plaintiff, Defendant advised Plaintiff to call her and stated at the end, "I tried to assist you." **Please see Exhibit 1**.

23.

Plaintiff has been called at work. He handles patient care as a medical student in the hospital he works at. Plaintiff has advised Defendant representative Ms. DeShell Simpson that he cannot accept calls at work and has asked Ms. Simpson to call him after his work hours. Ms. Simpson will then follow up with more calls during the same work shift Plaintiff advised Defendant he could not accept calls. **Please see Exhibit 1**.

24.

During work hours and at home, Plaintiff has been called from different numbers none of which are Defendant's real numbers from the Kansas location Defendant is located in. **Please see Exhibit 1 and 4**.

25.

As a result of Defendants' wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA. **Please see Exhibit 3**.

## COUNT I
## CLAIM AGAINST DEFENDANT INTEGRITY UNDER THE FDCPA

26.

Plaintiff incorporates the preceding allegations by reference.

27.

The defendants have violated the FDCPA, 15 U.S.C. 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt with no proof Plaintiff owes the debt and by using the false phone numbers during Plaintiff's work hours after he has asked Defendant not to call.

28.

Defendant has violated 15 U.S.C. 1692c(3) by communicating with Plaintiff at work after being told by Defendant to please not call as he cannot accept calls at his job working with patients at a hospital.

29.

Defendant has violated 15 U.S.C. 1692d(2)(A) by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt by continuing to call Plaintiff at work and by making threats.

30.

Defendant has violated 15 U.S.C. 1692d by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number of Plaintiff after she sent a cease and desist letter.

31.

Defendant has violated 15 U.S.C. 1692e(5) by threaten to take any action that cannot legally be taken or that is not intended to be taken with the threats of legal action against Plaintiff.

32.

Defendant has violated 15 U.S.C. 1692e(11) by not stating in calls to Plaintiff that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector in violation of the Foti Rule.

33.

Defendant has violated 15 U.S.C. 1692g(a) by failing to provide the proper notice provisions in the initial writing to Plaintiff in violation of Plaintiff's mini-miranda rights.

34.

As a result of Defendants' wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

35.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled to under the FDCPA.

## COUNT II
## CLAIM AGAINST DEFENDANT INTEGRITY UNDER THE FCCPA

36.

Plaintiff incorporates the preceding allegations by reference.

37.

Defendant has violated 559.72(7) by using a harassing, oppressive or abusive method to communicate or collect on a debt.

38.

Defendant has violated 559.72(9) by making a claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

39.

Defendant has violated 559.72(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

40.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's

liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

41.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FCCPA.

42.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 17 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

43.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled, statutory and consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory damages under the FDCPA and FCCPA;
3. For $1,000 and actual damages under the FCCPA and FDCPA;
4. For attorney's fees and costs incurred in this action under the FDCPA and FCCPA;
5. For Damages under the FCCPA and the FDCPA, and

6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 17th day of March, 2011.

Respectfully submitted,

BRIAN P. PARKER (0980668)
Attorney for Plaintiff